FILED
2026 Sep-28 AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| ***ex rel.* J. Bryan Quesenberry,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:24-CV-00088-MHH** |
| | ) | |
| **BIRMINGHAM JEFFERSON CIVIC** | ) | |
| **CENTER AUTHORITY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The FCA aids the government in combating fraud by incentivizing individuals to be vigilant about fraudulent conduct directed towards the government. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). In a *qui tam* suit brought under the FCA, the United States is the real party in interest. *Timson*, 518 F.3d at 874. Consequently, a private individual may not maintain a *qui tam* suit under the FCA as a *pro se* relator. *Timson*, 518 F.3d at 874; *Deutsche Bank Nat'l Trust Co. v. Holyfield*, 309 Fed. Appx. 331, 333 (11th Cir. 2009). A district court lacks jurisdiction over a *pro se* qui tam lawsuit. *Holyfield*, 309 Fed. Appx. at 333; *see Timson*, 518 F.3d at 874.

In this case, in January 2024, Mr. Quesenberry filed the *qui tam* complaint in this matter *pro se*. (Doc. 1, pp. 1, 15).[1] In July 2025, the Court unsealed the complaint. (Doc. 13). The following month, on August 18, 2025, Curtis Hussey appeared as the attorney for the relator. (Doc. 15). Two days later, the relator filed an amended complaint. (Doc. 18). The first sentence of the amended complaint states: "Plaintiff-Relator J. Bryan Quesenberry, a licensed attorney acting on behalf of the United States of America . . ." (Doc. 18, p. 1; *see also* Doc. 18, p. 3). Mr. Hussey signed the amended complaint. (Doc. 18, p. 22). The defendant moved to dismiss the amended complaint. (Doc. 21). Mr. Hussey's electronic signature appears on the relator's October 31, 2025 response in opposition to the motion to dismiss, (Doc. 26, p. 41), but Mr. Quesenberry's electronic signature appears on the certificate of service for the opposition brief as follows:

> /s/ J. Bryan Quesenberry
> Relator

(Doc. 26, p. 42).

---

[1] Mr. Quesenberry is admitted to practice law in Utah. https://services.utahbar.org/Licensee-Directory/Profile/customercd/9156 (last visited Sept. 24, 2026). Mr. Quesenberry has indicated that he does not intend to apply for pro hac vice admission in this district. (Doc. 42, p. 1). The Court need not decide whether a relator who is an attorney may apply to proceed pro hac vice and represent the United States' interests as a *qui tam* relator.

According to the Alabama State Bar website, on March 4, 2026, the Alabama Supreme Court suspended Mr. Hussey from the practice of law for 91 days. https://members.alabar.org/Member_Portal/Member_Portal/Member-Search.aspx (last visited Sept. 24, 2026). The Alabama State Bar discipline notice states:

> Florence attorney Curtis Ray Hussey was suspended from the practice of law in the State of Alabama by the Supreme Court of Alabama for a period of ninety-one (91) days, effective March 4, 2026. The order was based on Hussey's Conditional Guilty Plea wherein Hussey admitted to violating Rules 1.1 [Competence], 1.2 [Scope of Representation], 5.4(b) [Professional Independence of a Lawyer, and 5.5 [Unauthorized Practice of Law], Alabama Rules of Professional Conduct. On or about May 14, 2025, the United States Patent and Trademark Office issued a final order accepting Hussey's resignation while under investigation and excluded him from practicing before the United States Patent and Trademark Office. Hussey consented to being excluded from appearing before the Patent and Trademark Office based on allegations that he was allowing a foreign, non-attorney to prepare, approve, and file trademark applications without his input, oversight, or supervision, including allowing others to enter his electronic signature on trademark applications and other trademark documents. Under the USPTO rules and regulations, trademark applications filed by foreign domiciled applicants must be prepared, signed and submitted by U.S. license attorneys. Hussey was found to have authorized non-lawyers and/or a non-lawyer owned foreign corporation to prepare, approve, and file trademark applications without his input, oversight or supervision. In exchange for a fee, Hussey allowed non-lawyers to prepare and sign his name to trademark applications and documents on behalf of foreign applicants without reviewing those documents.

https://members.alabar.org/Member_Portal/Member_Portal/Member-Search.aspx (last visited Sept. 24, 2026). Mr. Hussey did not file a motion to withdraw or a notice of his suspension from the Alabama State Bar. Instead, on April 7, 2026, Mr.

Quesenberry filed a motion to substitute new counsel "in place of prior counsel, Curtis R. Hussey." In the motion, Mr. Quesenberry wrote: "Mr. Bryan Quesenberry (pro hac vice) also remains counsel of record." (Doc. 35, p. 1). Mr. Quesenberry signed the motion: "Bryan Quesenberry (pro hac vice)." (Doc. 35, p. 1). The lawyer who Mr. Quesenberry asked the Court to substitute for Mr. Hussey, Kelly Alvarez, then filed a motion in which she purported to "correct the record as to Plaintiff's pro hac vice status and withdraw Plaintiff's Motion to Substitute Counsel" and asked for permission to withdraw as Mr. Quesenberry's attorney. (Doc. 37). Mr. Quesenberry filed a joinder in Ms. Alvarez's motion to explain his "inadvertent, but understandable, mistake" in describing himself as acting *pro hac vice* in this case. (Doc. 39; *see also* Doc. 42). Mr. Quesenberry stated that he does not oppose Ms. Alvarez's motion to withdraw as his attorney. (Doc. 39, p. 1).[2] The Court has granted Ms. Alvarez's motion. (Doc. 40).

Mr. Quesenberry has represented that Mr. Hussey's suspension has expired, and Mr. Hussey is seeking reinstatement to the Alabama State Bar. (Doc. 42, pp. 3-4). Mr. Quesenberry asks the Court to provide 45 days for Mr. Hussey to be readmitted to the state bar and then reappear in this case as counsel for the relator. (Doc. 42, p. 4). The Court denies Mr. Quesenberry's request for several reasons.

[2] Neither does the defendant. (Doc. 38, p. 1).

First, Mr. Hussey still appears as counsel of record for the relator in this case because he has not filed a motion to withdraw. Second, the relator represents the interests of the United States in this matter. The United States should have an opportunity to indicate whether it wishes to have a lawyer who has had his license suspended represent the government's interests in this case. Third, the record suggests that Mr. Hussey may have engaged in the conduct for which he was suspended in this case. In his most recent *pro se* submission to the Court, Mr. Quesenberry wrote: "To the extent Relator himself submitted pleadings over his own name and not Mr. Hussey's name, such actions were a mistake based on Relator's heavy caseload of qui tam cases, some of which involved local counsel in various district courts." (Doc. 42, p. 3). Implicit in Mr. Quesenberry's statement is an acknowledgement that Mr. Quesenberry has been preparing documents to which he has affixed Mr. Hussey's electronic signature. The record supports this inference. Mr. Quesenberry placed his name on the certificate of service for the relator's opposition to the defendant's motion to dismiss and filed the opposition brief to which Mr. Hussey's electronic signature is affixed. (Doc. 26).

On this record, the Court denies the defendant's motion to dismiss without prejudice. No later than September 30, 2026, the United States shall indicate whether it objects to the dismissal of this *qui tam* action for lack of subject matter

jurisdiction. (*See* Doc. 13, p. 2).[3] No later than September 30, 2026, Mr. Quesenberry shall file in this action a list of the docket entries that he drafted and to which he affixed Mr. Hussey's electronic signature.

The Clerk of Court shall please TERM Doc. 21 and TERM Docs. 35 and 37 as moot.

**DONE** and **ORDERED** this September 28, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

[3] The Court notes that the public disclosure bar likely bars this action. (*See* Doc. 21); *see also United States ex rel. Osheroff v. Humana, Inc.*, 776 F. 3d 805 (11th Cir. 2015).