FILED
2026 Oct-19 AM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, *ex rel.* J. Bryan Quesenberry,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 2:24-CV-00088-MHH** |
| **BIRMINGHAM JEFFERSON CIVIC CENTER AUTHORITY, *et al.*,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

The False Claims Act aids the government in combating fraud by incentivizing individuals to be vigilant about fraudulent conduct directed towards the government. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). In a qui tam suit brought under the FCA, the United States is the real party in interest. *Timson*, 518 F.3d at 874. Consequently, a private individual may not maintain a qui tam suit under the FCA as a *pro se* relator. *Timson*, 518 F.3d at 874; *Deutsche Bank Nat'l Trust Co. v. Holyfield*, 309 Fed. Appx. 331, 333 (11th Cir. 2009). A district court lacks subject matter jurisdiction over a *pro se* qui tam lawsuit. *Holyfield*, 309 Fed. Appx. at 333; *see Timson*, 518 F.3d at 874.

Currently, Mr. Quesenberry does not have representation. (Doc. 42). Although admitted to practice law in the state of Utah, Mr. Quesenberry does not intend to apply for *pro hac vice* admission in this judicial district. (Doc. 42, p. 1). Mr. Quesenberry has had ample time to find counsel. Throughout this action, Mr. Quesenberry has submitted pleadings in his own name without applying for *pro hac vice* admission. (Doc. 26, 35, 39).[1] Mr. Quesenberry requested a 45-day period for an attorney who appeared for him in this action to be readmitted to the Alabama State Bar. (Doc. 42). The Court denied this request on September 28, 2026. (Doc. 43, pp. 4-5). The Court gave the United States an opportunity to indicate whether it objects to the dismissal of this qui tam action for lack of subject matter jurisdiction. (Doc. 43, pp. 5-6). The United States responded, notifying the Court that the Attorney General does not object to the dismissal of this qui tam action without prejudice. (Doc. 44).

---

[1] Mr. Quesenberry states this was a mistake due to his "heavy caseload of qui tam cases, some of which involved local counsel in various district courts." (Doc. 42, p. 3). The Court required Mr. Quesenberry to file a list of the docket entries that he drafted and to which he affixed Mr. Hussey's electronic signature. (Doc. 43. p. 6). Mr. Quesenberry filed the list on September 30, 2026, in compliance with the Court's order. (Doc. 45).

Because a qui tam action cannot be maintained *pro se*, the Court dismisses this action without prejudice for lack of subject matter jurisdiction. The Clerk of Court shall please CLOSE this case.[2]

**DONE** and **ORDERED** this October 19, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] This order of dismissal does not prevent the Court from addressing matters relating to the Court's inherent authority to manage its docket.